IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01754-KLM

CAIN VAQUERA GARCIA,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the **Social Security Administrative Record** [#14],[2] filed October 21, 2020, in support of Plaintiff's Complaint [#1] seeking review of the decision of the Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for supplemental security income benefits pursuant to Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 et seq. On December 1, 2020, Plaintiff filed an Opening Brief [#15] (the "Brief"). Defendant filed a Response [#18] in opposition, and Plaintiff filed a Reply [#20]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. See [#16, #21].

[2] "[#14]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **REVERSED**.

## I. Background

On July 28, 2017, Plaintiff filed an application for supplemental security income under Title XVI, alleging disability beginning June 10, 2017. Tr. 19.[3] On October 3, 2019, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 31. The ALJ determined that Plaintiff had not engaged in substantial gainful activity ("SGA") since July 28, 2017, the application date. Tr. 21. The ALJ found that Plaintiff suffers from six severe impairments: (1) degenerative disc disease of the lumbar spine with 2013 fusion of the L4-S1 vertebrae, (2) post laminectomy syndrome, (3) osteoarthritis of the left hip, (4) mild osteoarthritis of the left toes and foot, (5) obesity, and (6) chronic pain syndrome. Tr. 21. However, the ALJ also found that Plaintiff's impairments did not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." Tr. 22. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> [T]he claimant is only able to stand and/or walk for four hours in an eight-hour workday. He is able to occasionally climb ramps and stairs. He is able to occasionally stoop and crouch, but cannot kneel, crawl, or climb ladders, ropes, or scaffolds. He must avoid more than moderate exposure to extreme cold, fumes, odors, dusts, gases, and poor ventilation. He must never work at hazardous heights or around dangerous moving machinery.

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 14 through 14-27 by the sequential transcript numbers instead of the separate docket numbers.

Tr. 23.  Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff was able to perform his past relevant work as a merchandise marker as generally performed.  Tr. 30.  She therefore found Plaintiff not disabled at step four of the sequential evaluation.  Tr. 31.  The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review.  20 C.F.R. § 416.1481.

## II.  Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)).  Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)).  The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings.  42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in

making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).  However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)).  In other words, the Court does not reexamine the issues de novo.  *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993).  Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo*."  *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.     Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any

subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.   Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  Analysis

Plaintiff argues that the ALJ erred in four ways. *Brief* [#15] at 4-16. First, he argues that the ALJ erred at step four by inadequately addressing the required findings in phases two and three. *Id.* at 4-8. Second, he argues that the ALJ erred in finding that his job as a merchandise marker qualified as past relevant work, because the job does not meet the requirements as laid out in the regulations. *Id.* at 8-11. Third, he argues that the ALJ erred by failing to investigate and elicit a reasonable explanation for the conflict between the Dictionary of Occupational Titles ("DOT") and the VE's testimony, and therefore that the ALJ further erred by relying on the VE's testimony as substantial evidence to support a determination regarding disability. *Id.* at 11-13. Finally, he argues that the ALJ erred by failing to properly assess his subjective testimony and statements regarding his need for additional breaks at work. *Id.* at 14-16. Here, the Court need only address the final

three arguments to resolve this appeal, beginning with the last regarding Plaintiff's subjective testimony.

**A.      Subjective Symptoms**

Plaintiff asserts that the ALJ improperly discredited Plaintiff's "subjective testimony and statements about his need for rest after exertion, equating to additional breaks in the workplace."  *Brief* [#15] at 14.

Social Security Ruling 16–3p, 2017 WL 5180304, at *7-8 (S.S.A. Oct. 25, 2017), concerns the evaluation of the functional effects of subjective symptoms in connection with disability claims, providing in relevant part:

> In addition to using all of the evidence to evaluate the intensity, persistence, and limiting effects of an individual's symptoms, we will also use the factors set forth in 20 CFR 404.1529(c)(3) and 416.929(c)(3). These factors include:
> 1. Daily activities;
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.
> We will consider other evidence to evaluate only the factors that are relevant to assessing the intensity, persistence, and limiting effects of the individual's symptoms.

*See Guillar v. Comm'r, SSA*, 845 F. App'x 715, 719-20 (10th Cir. 2021) (listing and discussing application of these factors).  "[T]he regulations do not require the ALJ to discuss every factor listed in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3); they

expressly provide that she does not need to do so." *Id.* at 720 (citing S.S.R. 16–3P, 2017 WL 5180304, at *8 ("If there is no information in the evidence of record regarding one of the factors, we will not discuss that specific factor in the determination or decision because it is not relevant to the case.")).  The Tenth Circuit has specifically "held that an ALJ need not engage in a 'formalistic factor-by-factor recitation of the evidence' when evaluating the functional effects of a claimant's subjective symptoms."  *Guillar*, 845 F. App'x at 720 (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

In connection with Plaintiff's subjective complaints, the ALJ noted that Plaintiff testified at the hearing that "his severe impairments and chronic pain severely decrease his energy, which further restricts his ability to work," and that "he must rest after walking two to three blocks."  Tr. 24.  The ALJ found that, "[a]s for the claimant's statements about the intensity, persistence, and limiting effects of his . . . symptoms, they are inconsistent because the available records do not document objective facts and findings that support the severity of symptoms described by the claimant throughout the disability process."  Tr. 24-25.  The ALJ ultimately concluded that "the above [RFC] assessment is supported by the claimant's ability to manage his pain with medication, the mild to moderate pain levels he reports, the inconsistencies in his need to use a cane to ambulate, the medical opinions, and the record as a whole."  Tr. 30.

In short, the Court finds here that Plaintiff has not shown how the ALJ's thorough discussion of Plaintiff's medical history and conclusions therefrom are not supported by substantial evidence.  *See Wilson*, 602 F.3d at 1140 (stating that "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (internal quotation marks omitted)).  An ALJ is not required to discuss every

piece of evidence in the record. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, "[t]he record must demonstrate that the ALJ considered all of the evidence[.]" *Id.* at 1010. Here, the record shows that she did so. Although the ALJ did not spend significant time specifically discussing Plaintiff's need for extra breaks, she did thoroughly review his extensive medical history, including the severe impairments and chronic pain which Plaintiff testified were the underlying cause of his need for extra breaks. Tr. 24-30. Plaintiff does not point to any records documenting objective facts and findings which support Plaintiff's subjective testimony and statements about his need for rest after exertion, i.e., for additional breaks in the workplace. *Brief* [#15] at 14-16; *Reply* [#20] at 5.

The Court has reviewed the evidence cited by the ALJ and the testimony cited by Plaintiff and finds that this is a classic case of evidentiary conflict, where "the record contains support both for the notion that [Plaintiff] has extreme" limitations, "and the notion his . . . limitations are not that severe." *Allman*, 813 F.3d at 1333. In such situations, "[t]he ALJ was entitled to resolve such evidentiary conflicts and did so." *Id.* (citing *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (noting that "the ALJ is entitled to resolve any conflicts in the record"); *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004) (stating that we may not "displace the agency's choice between two fairly conflicting views") (brackets omitted)). "Concluding otherwise would require us to reweigh the evidence, a task we may not perform." *Allman*, 813 F.3d at 1333 (citing *Qualls*, 206 F.3d at 1371). This is not a situation where the ALJ found that Plaintiff's subjective complaints were completely without basis. Rather, she simply found that Plaintiff's impairments are not so severe as to require the extra breaks which he asserted he needs in order to

engage in full-time, gainful employment. Because the ALJ's findings are supported by substantial evidence, the Court cannot overturn her conclusion without impermissibly reweighing the evidence. *See id.*

Accordingly, the Court finds that the ALJ did not commit reversible error in connection with the issue of Plaintiff's subjective complaints and need for additional breaks.

**B.     Past Relevant Work**

Here, Plaintiff argues that the ALJ erred in finding that his job as a merchandise marker qualified as past relevant work because the job does not meet the requirements as laid out in the regulations. *Brief* [#15] at 8-11.

Past relevant work is defined as work that the claimant has done within the past fifteen years, that was SGA, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. § 416.960(b)(1). The parties agree that the benchmark requirement for SGA in 2007 was earnings of $900 per month. *Brief* [#15] at 9; *Response* [#18] at 10 n.8. Here, the ALJ found that, "[p]er the claimant's reports, he performed the work [of merchandise marker] for a few months in 2007, which satisfied the recency requirements of past relevant work." Tr. 30 (citations omitted). The ALJ then found that "the claimant performed the job for a brief period and earned $3,675.00 for this unskilled work." Tr. 31. The ALJ concluded therefore that the merchandise marker met the requirements for past relevant work. Tr. 31.

Dividing $3,675.00 by $900 results in the calculation that Plaintiff had to work for about four months or less to meet the requirement of earning at least $900 per month. Plaintiff argues that there is no evidence in the record concerning how long he worked

the job as merchandise marker for Hines Nurseries, and therefore the ALJ erred, because if Plaintiff worked there for more than approximately four months, his earnings per month would dip below the $900 minimum monthly earnings threshold for this job to be considered SGA and, therefore, past relevant work. *Brief* [#15] at 9.

However, Plaintiff's attorney asked him at the hearing how long he worked at the nursery job. Tr. 49. Plaintiff responded that he worked there for about four years prior to his 2006 accident (which the parties appear to agree is not considered and therefore has no impact on the "relevant past work" analysis) and then after the accident in 2007 for "like a month or so." Tr. 44-45, 49. Even assuming that "a month or so" means two full months, that puts Plaintiff's earnings at about $1,837.50 per month, well above the minimum $900 threshold. Thus, the ALJ's interpretation of the evidence as having worked this job "for a few months" is reasonable and, in fact, generous in Plaintiff's favor based on the underlying testimony.

Accordingly, the Court finds that the ALJ did not commit reversible error in connection with the issue of categorizing Plaintiff's prior work as a merchandise marker as past relevant work.

C.     **Conflict between DOT and VE Testimony**

Plaintiff also argues that the ALJ erred by failing to investigate and elicit a reasonable explanation for the conflict between the DOT and the VE's testimony, and therefore that the ALJ further erred by relying on the VE's testimony as substantial evidence to support a determination of disability. *Brief* [#15] at 11-13.

The ALJ determined Plaintiff's RFC as being able to perform light work plus the additional limitation of, among other things, standing and/or walking no more than four

hour in an eight-hour workday.  Tr. 23.  In light of this and the other limitations in the RFC, the VE testified that Plaintiff could perform the job of merchandise marker as it is generally performed.  Tr. 53.  At the hearing, the ALJ asked the VE: "[I]s your testimony consistent with the Dictionary of Occupational Titles?"  Tr. 53.  The VE answered, "Yes."  Tr. 53.  The ALJ then asked, "Supplemented with your vocational experience?"  Tr. 53.  The VE answered, "Correct."  Tr. 53.

The DOT defines the job of merchandise marker as a "light" job.  *DOT, 209.587-034* (1991), available at: http://www.govtusa.com/dot/dot02a.html.  "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  Social Security Ruling 82–10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983).  Thus, as Plaintiff argues, there appears to be a discrepancy between the four hours of walking/standing permitted by the RFC and the six hours required for this job by the DOT.

The VE did not explain the discrepancy between the DOT and her testimony that Plaintiff could perform the job of merchandise marker as it is generally performed, and the Court concludes that this was reversible error.  *See, e.g., Harless v. Saul*, No. CIV-18-841-G, 2020 WL 1330436, at *4 (W.D. Okla. Mar. 23, 2020) ("Rather, the VE relied upon the DOT's job descriptions but offered no explanation as to how the significant modification of eliminating Plaintiff's ability to see on one side impacted her testimony or would affect Plaintiff's ability to fulfill the visual abilities required for the cited occupations.").  "[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination

of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); *see also Krueger v. Astrue*, 337 F. App'x 758, 760-62 (10th Cir. 2009) (reversing and remanding in part on the basis that the ALJ did not resolve a conflict between VE's testimony and DOT job descriptions); *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (discussing the requirement under Social Security Ruling 00–4p "that an ALJ must inquire about and resolve any conflicts  between a [VE's] testimony regarding a job and the description of that job in the [DOT]").

Even though the Court does not insist on "technical perfection" in an ALJ's decision, the Court must be able to follow the ALJ's reasoning. *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Here, there is a disconnect between the VE's statements and the DOT, including the VE's conclusory statement that her conclusion was consistent with the DOT, without any attempt to explain why Plaintiff could still perform this job. The Court cannot find that the failure to resolve this conflict was harmless because no other jobs were identified which Plaintiff could perform given the RFC determination. *See, e.g.*, *Roberts v. Kijakazi*, No. CIV-20-91-SPS, 2021 WL 4305767, at *5 (E.D. Okla. Sept 22, 2021); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (holding that the ALJ did not commit reversible error because the claimant could perform two other jobs and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where [the claimant] lives or several regions of the country."). Because the Court is unable to follow the ALJ's reasoning here, as based on the VE's conclusory testimony, and because the error was not harmless, this case must be remanded for further proceedings.

### IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this opinion.  The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits.  *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993).  By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled.  *See, e.g.*, *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1152 n.5 (D. Colo. 2015).

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).  *See id.* at 1153.

Dated: September 30, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge